OPINION OF THE COURT
Bentley Kassal, J.
FACTS
This is an action by the owner of a diamond to recover for the loss and/or conversion of a diamond while in the custody of the defendants, who are in the business of grading and testing diamonds. Defendants had received the diamond in order to grade and/or test it and they failed *756 to return the diamond. At the time of the initial delivery of the diamond to defendants, plaintiff had obtained a receipt which he, in turn, had been required to agree to, setting forth various conditions.
The receipt contains a clause, which in pertinent part, provides that it operates “to release GTL [defendant] from all liabilities, claims and damages of every kind and nature, excepting only those which are a result of wilful misconduct or bad faith of GTL * * * the risk of loss or damage to the article while with GTL or while in transit shall be borne by client [plaintiff]. Any damages * * * shall be limited to the amount of the fee paid to GTL”.
INTERNAL SECURITY
In this motion, defendant seeks to strike plaintiff’s several interrogatories on the grounds that they inquire into the internal operations and procedures employed by defendants in handling and safeguarding the diamonds which their clients entrust to them for grading. In addition, they seek information about the names of defendants’ personnel, involved in different stages of the operation.
Defendants claim that the general considerations for the internal security of their business, involved as they are in the diamond industry, demands that this relevant information be kept confidential by the plaintiff. It is noteworthy that defendants do not oppose the production of this information if plaintiff will execute a “stipulation of confidentiality”. On its part, plaintiff objects to being limited as to the publicizing of such data on the grounds that they are not trade secrets or business formulae or the like and he refuses to agree to such confidentiality. This position is based upon the claim that “such information is properly in the public sphere due to the nature of the information requested, the nature of the diamond business, and the relative size and position of the company defending this action and the users of their services”.
Defendants do have the burden of establishing the confidential nature of the information sought so as to resist disclosure or to impose conditions relating thereto. I am satisfied that they have sufficiently demonstrated the need for such conditions and security. In this city and especially *757 in the area directly where defendants are located — 47th Street and Fifth Avenue — the heart of the diamond industry and jewelry exchanges — it is essential that wherever possible secrecy be maintained as to the internal operations of these businesses, if the rights of the parties are not to be jeopardized.
Thus, upon such showing of need for security, plaintiff does have the burden of going forward to demonstrate that its needs herein or those of the public or other considerations are paramount to the factors requiring confidentiality. On balance, I believe the security sought does not interfere with plaintiff’s rights to disclosure and am not persuaded by the unsupported statement that such information is “properly in the public sphere”.
Accordingly, as defendants have agreed, I am directing that they will answer the following interrogatories within 30 days after plaintiff executes a stipulation of confidentiality. The said interrogatories are: 5-23, 25, 35, 45, 61-65, 67-70, 78, and 103.
RELEVANCY
The defendants further maintain that there are two other categories of interrogatories which they object to as irrelevant. Basically, these can be grouped as follows: (1) those pertaining to the manner in which defendant dealt with its own diamonds, and (2) information respecting the defendant’s financial condition and share of the business market in which it is engaged.
With regard to group (1), the interrogatories relate to the manner in which defendant dealt with its own property, which is a critical factor in establishing the standard of conduct the parties agreed to. The receipt-agreement clearly obligates the defendants: “to safeguard and take precautions with respect to the article in the same manner as it customarily does for its own property while in its possession, and agree to use the same standard of care and diligence in grading, testing and reporting on the article as it does for its own property”. Therefore, the manner in which defendants care for their own property is relevant irrespective of what the measure of damage might be limited to. Accordingly, interrogatories numbered 88, 89, *758 90, 108 and 109 áre relevant and must be answered by defendants.
Group (2) of the interrogatories, also objected to as irrelevant, appears to pertain to the question of whether this receipt-agreement is “unconscionable”. Although raised in the motion papers and further presented on oral argument, this affirmative defense is not reflected in the pleadings. Plaintiff, in essence, contends that by reason of defendant’s monopolistic position in this market; plaintiff has no alternative but to deal with defendants.
The concept of “unconscionability”, as applied at common law to contracts in general, or to the sale of goods under section 2-302 of the Uniform Commercial Code, requires a showing of “an absence of meaningful choice on the part of one of the parties together with contract terms which are unreasonably favorable to the other party” (Williams v Walker-Thomas Furniture Co., 350 F2d 445, 449). The doctrine is designed to apply so as to prevent oppression and unfair surprise (Matter of State of New York v Avco Fin. Serv. of N. Y., 50 NY2d 383, 389; McKinney’s Cons Laws of NY, Book 62½, Uniform Commercial Code, § 2-302, Official Comment 1). The determination is to be made upon the facts and circumstances of the case, with the ultimate disposition to be made on the basis of whether undue or knowing advantage was taken by one party to the degree that enforcement of the terms of the agreement would be patently unfair and contrary to the proper administration of justice (Matter of Friedman, 64 AD2d 70, 85).
“unconscionability” as an
AFFIRMATIVE DEFENSE
Upon examination of the pleadings, it is apparent that the complaint, sounding in conversion, has been responded to by an answer which consists of a general denial as well as an affirmative defense, alleging that the parties’ agreement operates as a bar to recovery. However, the plaintiff has significantly failed to interpose any reply to the affirmative defense.
CPLR 3018 (subd [d]), entitled “Affirmative Defenses”, in my judgment, does require the interposition of an affirmative defense in this fact pattern because it man *759 dates: “A party shall plead all matters which if not pleaded would be likely to take the adverse party by surprise or would raise issues of fact not appearing on the face of a prior pleading such as * * * facts showing illegality either by statute or common law * * * The application of this subdivision shall not be confined to the instances enumerated.” (Emphasis added.) I believe that “unconscionability” is clearly within this definition and, in view of the fact that no affirmative defense to that effect has been pleaded, I am holding that, at this juncture, the claim of unconscionability is not supported on the face of the present pleadings. In the absence of pleading unconscionability as an affirmative defense, it is not in issue. I am, therefore, compelled to strike the following categories, which, in the present posture of the pleadings, are not relevant by reason of the failure on the part of the plaintiff to interpose the defense of “unconscionability”. Accordingly, I am striking interrogatories numbered 115-118, 120, 121 and 124.
Those interrogatories which are to be answered shall be served by the defendant within 30 days after service of a copy of the order to be entered hereon, with notice of entry.